UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PATRICE JOSEPH,

                Plaintiff,

    -against-

FRESH DIRECT, LLC,

                Defendant.
-------------------------------------------------------------------x

**Index No.:**

**COMPLAINT AND JURY DEMAND**

Plaintiff Patrice Joseph ("Plaintiff"), by and through her attorneys, Imbesi Law Group PC, brings this Complaint against Defendant Fresh Direct, LLC ("Defendant"), seeking damages and other appropriate relief for her claims, including employment discrimination and retaliation on the basis of her race, sex, and color, in violation of her statutory, civil and human rights under Title VII of the Civil Rights Act of 1964 ("Title VII" or "24 U.S.C. §2000e-2"), Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Article 15 of the Executive Laws of the State of New York, §290 *et. seq.*, including §296 as amended ("NYSHRL"), Chapter 1 of the Administrative Code of the City of New York (as amended by the Local Civil Rights Restoration Act of 2005), § 8-107 (7) ("NYCHRL") and alleges upon information and belief as follows:

## INTRODUCTION

1. Defendant repeatedly discriminated against Plaintiff based upon her race, color, and sex. Plaintiff repeatedly reported the unlawful and persistent pattern of discrimination to human resources to no avail. At all times, Defendant failed to take sufficient remedial action, and

1

Plaintiff continued to experience an unlawful and persistent pattern of discrimination and retaliation.

2. As a result of Defendant's discriminatory work environment, Plaintiff suffered and continues to suffer physical, psychological, emotional, and financial harm.

3. Plaintiff brings this action against Defendant seeking relief to enjoin Defendant from continuing to engage in its unlawful discrimination of current and prospective employees on the basis of their race and sex, and to recover damages and all other appropriate relief for the resulting injuries that Plaintiff has suffered and will continue to suffer.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over the state law claims asserted pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff is a thirty-eight (38) year old, African American, female, who at all relevant times meets the definition of an "employee" under all applicable statutes.

8. Defendant is an online grocery service that delivers food to the Greater New York City Area. Defendant maintains and operates a corporate office at 2 St. Ann's Avenue, Bronx, New York, 10454, which is where Plaintiff was employed. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes. Defendant previously maintained an office of operations at 23-30 Borden Avenue in Long Island City, New York until June 2018.

9. At all relevant times, Plaintiff was employed by Defendant and the supervising individuals they hired were responsible for the terms and conditions of Plaintiff's employment.

## STATEMENT OF FACTS

### A. Factual Background of Plaintiff's Employment With Defendant

10. Fresh Direct contracts with several different staffing agencies to provide temporary employees to work in its facilities. Among other agencies, Defendant contracts with an agency named Vertex.

11. On or about October 2017, Vertex assigned Plaintiff to work at Defendant's dry goods facility located in Long Island City, New York.

12. Plaintiff's job duties included selecting and packing groceries for online consumers.

13. On March 14, 2018, Plaintiff became a full-time employee of Defendant, thereby ending her relationship with Vertex.

### B. Discrimination Against Plaintiff on the Basis of Race

14. While employed by Defendant, Plaintiff constantly endured discrimination on the basis of her race, color, and sex.

15. Throughout her employment, Plaintiff attended staff meetings conducted by her supervisor Berry Correa ("Ms. Correa").

16. Ms. Correa often conducted these staff meetings exclusively in Spanish so that Plaintiff would not be able to comprehend her instructions.

17. Plaintiff felt excluded at these staff meetings and voiced her concerns to Katherine Porterie ("Ms. Porterie") in human resources both orally and in an e-mail dated May 21, 2018.

18. Plaintiff told Ms. Porterie how she felt excluded at meetings and how when she told

Ms. Correa about her grievances, she was told that, "**it's her problem and she should get over it.**"

19. On a separate occasion, Ms. Correa also made derogatory comments against Plaintiff for wearing a new jacket, with a Fresh direct logo, and told Plaintiff that she thought "**the jacket must have been stolen since Plaintiff could never afford it.**"

20. Plaintiff alerted Ms. Porterie about these comments in the same e-mail on May 21, 2018.

21. Plaintiff also faced discrimination from her coworkers due to her physical appearance regarding her race. She faced constant harassment about her appearance, including having coworkers tell her that she "**shouldn't wear her hair a certain way because she was not African.**"

22. Plaintiff was further told that she, "**had no business wearing braids and should avoid African hairstyles.**"

23. Plaintiff also endured discrimination when she wore a headscarf to work, with coworkers questioning why she was wearing it and stating, "**Its ugly, you're not African and you should not wear that.**" These individuals would make racially derogatory comments to Plaintiff on multiple occasions without intervention by Defendant.

24. On May 29, 2018, Plaintiff sent an e-mail to human resources about the discriminatory treatment she had been enduring relating to the comments about her race and physical appearance. Defendant failed to respond.

25. On or about June 12, 2018, Plaintiff experienced additional harassment regarding her race.

26. As Plaintiff was eating lunch in the company's cafeteria, a Caucasian man called

4

another employee a **"nigger"** in front of other employees.

27. On June 18, 2018, Plaintiff also emailed Ms. Porterie about this incident stating her dissatisfaction that Defendant had failed to investigate her concerns or remedy the ongoing discrimination.

C. <u>Discrimination Against Plaintiff on the Basis of Sex</u>

28. On or about the beginning of July 2018, one of Plaintiff's female coworkers touched her in a sexual manner without her consent.

29. Plaintiff's coworker touched Plaintiff in her rear when she was exiting a restroom and stated that she was, **"in pretty good shape."**

30. Plaintiff immediately notified her supervisor Mr. Rotberg.

31. Mr. Rotberg told Plaintiff not to complain about the employee so as not to **"put a target on her back."**

32. Mr. Rotberg also told Plaintiff that, **"people of color should not make complaints against white people,"** and that, **"you shouldn't mess with people who know your social."**

33. Mr. Rotberg also told Plaintiff that she would, **"have a better chance of being financially sound if she picked a line of work that was more entertaining to men since she was "still was in shape."**

34. On July 20, 2018, Plaintiff e-mailed human resources about the sexual harassment she endured by Mr. Rotberg.

35. On August 1, 2018, Plaintiff reported this incident to human resources.

36. On August 7, 2018, Plaintiff sent another e-mail to Ms. Porterie and Melanie Kirk in human resources to follow up on several complaints she had made to them about the discrimination she had endured. Despite her repeated complaints, Defendant failed to remedy the

ongoing discrimination and harassment.

37. Plaintiff further told human resources again, in the August 7, 2018 e-mail, about Mr. Rotberg who had asked her for a date on several occasions. Plaintiff also told human resources that Mr. Rotberg would follow her around the plant for hours, which made her feel uncomfortable.

38. After making several complaints, Plaintiff was not allowed back to work causing her to miss two (2) full days of work. After Plaintiff spoke out about the discrimination she was enduring at work, her hours were significantly reduced.

39. Defendant cut Plaintiff's hours in half, from forty (40) hours per week to twenty (20) hours per week. Defendant's retaliatory conduct forced Plaintiff to look for new employment.

### D. Plaintiff's Resignation

40. On October 3, 2018, Plaintiff informed Defendant that she was resigning from Fresh Direct due to the intolerable work discrimination, retaliation and Defendant's failure to alleviate the situation.

41. Plaintiff informed Defendant that she would resign due to, "the unbearable work conditions at fresh direct." Plaintiff further informed Defendant that, "there are still issues of harassment and retaliation I cant deal with it any longer."

### E. Plaintiff Suffers and Continues to Suffer Damages

42. At all relevant times, Fresh Direct has knowingly permitted its agents and employees to continue their unlawful and persistent pattern of discrimination and retaliation against Plaintiff. As a direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer psychological, emotional, and financial harm.

### COUNT 1
### VIOLATION OF 42 U.S.C. §1981

43. Plaintiff repeats and incorporates by this reference the allegations in the preceding paragraphs as if fully set forth herein.

44. By the actions described above, among others, Defendant has discriminated against Plaintiff on the basis of her race and/or color in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are white, including, but not limited to, subjecting her to disparate working conditions and denying her terms and conditions of employment equal to that of employees who are white.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

46. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages.

47. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff in discriminatory treatment regarding her race violating her rights under Section 1981 for which she is entitled to an award of punitive damages.

## COUNT II
## VIOLATION OF TITLE VII (29 U.S.C. §2000e-2)

48. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

49. Defendant is an "employer" as defined under Title VII.

50. Plaintiff is an "employee" as defined under Title VII.

51. Defendant's conduct constituted unlawful discrimination against Plaintiff under Title VII, in violation of Chapter 21, Title 42 *et. seq.*, of the United States Code and specifically 42 U.S.C. §2000e-2, which states that:

> It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color... sex, or national origin.

52. Defendant, by reason of the foregoing occurrences, and by its behavior, actions and conduct, repeatedly discriminated against Plaintiff on the basis of her race, color, and sex.

53. Defendant's conduct constituted unlawful discrimination under Title VII based upon Plaintiff's race, in violation of 42 U.S.C. §2000e-2.

54. Despite placing Defendant on notice numerous times of the discriminatory conduct Plaintiff suffered, Defendant repeatedly failed to take appropriate remedial action.

55. Defendant, by its conduct, discriminated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of her employment in violation of 42 U.S.C. §2000e-2.

56. Defendant's discriminatory acts and conduct were willful, and/or intentional, and/or malicious, and/or reckless, and/or known to Defendant and were designed and intended to cause and create an oppressive, hostile and harassing work environment in complete reckless disregard for Plaintiff's rights.

57. As a direct and proximate result of Defendant's unlawful and persistent pattern of discrimination against Plaintiff on the basis of her race, color, and sex. Defendant is liable to Plaintiff pursuant to 42 U.S.C. §2000e-2, for the physical, psychological, emotional, and financial harm Fresh Direct caused her to suffer and of which she continues to suffer, in addition to any such other remedies as may be deemed just and appropriate.

## COUNT III
## DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE HUMAN RIGHTS LAW

58. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

59. Defendant is an "employer" as defined in the NYSHRL.

60. Plaintiff is an "employee" as defined in the NYSHRL.

61. Defendant, by reason of the foregoing occurrences, and by its behavior, actions and conduct, repeatedly discriminated against Plaintiff.

62. Defendant's conduct constituted unlawful discrimination under the NYSHRL based upon Plaintiff's African American race, color, and sex in violation of Article 15, §290 *et. seq.*, of New York State Executive Laws.

63. Despite placing Defendant on notice numerous times of the discriminatory conduct Plaintiff suffered by Plaintiff's co-workers, Defendant repeatedly failed to take appropriate remedial action.

64. Defendant, by its conduct, discriminated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of her employment in violation of Article 15, §290 *et. seq.*, of New York State Executive Laws, and specifically §296 thereof.

65. Defendant's discriminatory acts and conduct was willful, and/or intentional, and/or malicious, and/or reckless, and/or known to Defendant and was designed and intended to cause and create an oppressive, hostile and harassing work environment in complete reckless disregard for the rights of Plaintiff.

66. As a direct and proximate result of Defendant's unlawful and persistent pattern of

discrimination against Plaintiff, Defendant is liable to Plaintiff pursuant to NYSHRL Article 15, §297(9), for the physical, psychological, emotional, and financial harm Defendant caused her to suffer and of which she continues to suffer, in addition to any such other remedies as may be deemed just and appropriate.

### COUNT IV
### DISCRIMINATION AND RETALIATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

67. Plaintiff hereby repeats and realleges all allegations as if fully set forth herein.

68. The City HRL prohibits an employer or its agent from discriminating against an employee in the terms and conditions of her employment and discharging an employee based on Plaintiff's race, color, national origin, sex, and hair style.

69. Defendants violated the City HRL when they discriminated against Plaintiff on the basis of her race, color, national origin, sex, and hair style.

70. The conduct of Defendants detailed above constitutes discrimination against Plaintiff in violation of Chapter 1 of the Administrative Code of the City of New York (as amended by the Local Civil Rights Restoration Act of 2005), § 8-107 (7) which states:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter..." and "provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."

71. As set forth *infra*, in response to Plaintiff's complaints to Defendant's management and supervisors, Defendant unlawfully retaliated and discriminated against her.

72. As a result of Defendant's violation of the City HRL, Defendant is liable to Plaintiff pursuant to § 8-502 for damages, including reasonable costs, attorney's fees and punitive damages.

10

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered in his favor awarding the following:

a. Compensatory damages in an amount to be determined by a jury sufficient to compensate Plaintiff for all pain and suffering, emotional distress, stress and mental anguish;

b. Economic damages in the form of back pay, plus pre judgment interest;

c. Damages in the form of front pay, plus pre judgment interest;

d. An award of punitive damages sufficient to deter Defendant from engaging in such future unlawful conduct;

e. An injunction prohibiting Defendant from engaging in such future unlawful conduct;

f. An order requiring Defendant to institute and carry out policies and practices which provide equal employment opportunities for persons with religious beliefs, and which eradicate the effects of Defendant's past and present unlawful employment practices;

g. Reasonable costs and attorneys' fees; and

h. Any such further relief as this Court deems just and proper.

i. Plaintiff requests a trial by jury.

Dated: New York, New York
August 21, 2019

Respectfully submitted,

By: ___/s/Seth Asher Nadler___
Seth Asher Nadler, Esq.

IMBESI LAW GROUP, P.C.
1501 Broadway, Suite 1915
New York, New York 10036
Seth@lawicm.com
Tel. (646) 767-2270
Fax. (212) 658-9177
*Attorneys for Plaintiff*